IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, an Illinois corporation. | |
| Plaintiff, | 8:14-CV-194 |
| vs. | MEMORANDUM AND ORDER |
| GREATER OMAHA PACKING COMPANY, INC., a Nebraska corporation, | |
| Defendant. | |

    This matter is before the Court on an order to show cause (filing 25) why the plaintiff Continental Casualty Company's complaint should not be dismissed in its entirety for failure to state a claim and for lack of an issue ripe for judicial review. Continental has asked for leave (filing 28) to file an amended complaint (filing 28-1), which it argues addresses the issues the Court raised in its order to show cause.

    Federal Rule of Civil Procedure 15(a) states that courts "should freely give leave" to amend a complaint "when justice so requires." The Supreme Court has directed that "this mandate is to be heeded" as long as there is an "absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Similarly, the Eighth Circuit has repeatedly held that "[a]mendments [to pleadings] should be allowed with liberality." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (second alteration in original) (quoting *Chesnut v. St. Louis County*, 656 F.2d 343, 349 (8th Cir. 1981)).

    The defendant responds to the plaintiff's request for leave to amend by suggesting that the complaint remains deficient in various respects. *See* filing 31. But at this juncture, without further argument or factual development from the parties, it is not apparent that amendment would be futile. *See Foster v. Cerro Gordo Cty.*, 33 F. Supp. 3d 1052, 1057 (N.D. Iowa 2014). For instance, the Court cannot determine as a matter of law whether the new

policy exclusions raised by the plaintiff apply because it is unclear precisely how Fairbank alleges its damages were incurred.

Therefore, the Court finds that at this juncture, cause has been shown why Continental's claims should not be dismissed. Of course, GOPAC is free to address any deficiencies it has identified in the plaintiff's amended complaint or any inability on the part of the plaintiff to prove its allegations by utilizing the provisions in Fed. R. Civ. P. 12 or Fed. R. Civ. P. 56.

IT IS ORDERED:

1. Continental's motion for leave to file an amended complaint (filing 28) is granted.

2. Continental shall file its amended complaint on or before January 25, 2016.

Dated this 15th day of January, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge