IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, an Illinois corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>GREATER OMAHA PACKING COMPANY, INC., a Nebraska corporation,<br><br>           Defendant. | 8:14-CV-194<br><br>MEMORANDUM AND ORDER |

     This matter is before the Court on Continental Casualty's motion to dismiss Greater Omaha Packing Company's (GOPAC) counterclaims for bad faith, breach of contract and covenant of good faith and fair dealing, breach of fiduciary duty, and bad faith failure to settle (filing 46). For the reasons stated below, Continental's motion will be granted.

## BACKGROUND

     GOPAC's allegations are briefly summarized as follows. In 2009, GOPAC was implicated in an E. coli outbreak in New England, which has resulted in extensive litigation. At that time, GOPAC was insured by both Sentry Insurance Company and Continental Casualty Company. *See* filing 51 at 2. Sentry, GOPAC's primary insurer, initially undertook GOPAC's defense in these matters; but as the litigation progressed, Continental took a more active (and contentious) role. Filing 51 at 3. Eventually, Sentry and Continental reached an agreement whereby Sentry would deposit its remaining available coverage funds in a trust for future indemnity payments. Continental, for its part, would take over GOPAC's defense, agreeing to "make all future indemnity payments" on GOPAC's behalf. Continental continues to represent GOPAC in pending litigation. Filing 51 at 3.

     GOPAC contends that Continental, throughout the litigation process, has acted in its own self-interest "and in reckless disregard for the best interests of [GOPAC]." Filing 51 at 4. To support this contention, GOPAC points to Continental's "insistence" on assuming GOPAC's defense, its refusal to settle claims, and its demands for reimbursement for indemnity-related expenses. *See* filing 51 at 3-5. In particular, GOPAC alleges that Continental

refused to settle an E-coli related dispute, electing instead to "roll the dice" at trial. Filing 51 at 1. An adverse jury verdict followed, resulting in "tremendous collateral impact on [GOPAC] in subsequent cases." Filing 51 at 4. Relatedly, GOPAC claims that Continental has indemnified adverse parties without GOPAC's consent, and that Continental—despite its earlier agreement to cover such costs—now seeks reimbursement from GOPAC. Based on these actions, GOPAC seeks a declaratory judgment and monetary damages for bad faith, breach of contract and covenant of good faith and fair dealing, breach of fiduciary duty, and bad faith failure to settle.[1] Filing 34 at 15-20.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party, *Gallagher v. City of Clayton,* 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## DISCUSSION

Continental urges dismissal, arguing that GOPAC has failed to sufficiently allege damages with respect to its counterclaims for bad faith, breach of contract and covenant of good faith and fair dealing, and breach of fiduciary duty. Filing 46 at 2. It further contends that GOPAC's bad faith failure to settle claim is not ripe for review, noting the absence of a judgment which exceeds the applicable policy limits.

### (a) Ripeness: Bad Faith Failure to Settle

As noted above, GOPAC claims that Continental failed to settle certain E-coli related claims, resulting in "arguably extra-contractual liability" such

---

[1] Construed liberally, GOPAC's bad faith claims seemingly arise from separate, yet related conduct: Continental's alleged failure to settle claims, and Continental's allegedly improper demand for reimbursement. Filing 34 at 20.

as the payment of attorney fees. Filing 51 at 7. It further contends that Continental's failure to settle—and more specifically, the adverse jury verdict that followed—has had a "potentially collateral affect" on related, pending litigation. Filing 51 at 7. These consequences could have been avoided, GOPAC argues, if Continental had settled the claims as GOPAC requested. Filing 51 at 7.

Nebraska law recognizes a traditional third-party bad faith claim, which arises when "the insurer, having exclusive control of settlement, in bad faith refuses to compromise a claim for an amount within the policy limit." *Hadenfeldt v. State Farm Mut. Auto. Ins. Co.*, 239 N.W.2d 499, 502 (Neb. 1976). This liability derives, at least in part, from an "implied agreement that [the insurer] will exercise due care and good faith where the rights of an insured are concerned." *Id.* The amount of liability fixed by the insurance policy, upon which the premium is paid, determines the limit of the contractual liability and duty of the insurer. So "[a]n insurer may settle a claim within its limit of liability as it chooses since the insured cannot be injured by a settlement to be wholly paid by the insurer." *Olson v. Union Fire Ins. Co.*, 118 N.W.2d 318, 321 (Neb. 1962).

Continental urges dismissal, arguing the absence of a necessary prerequisite for a bad faith failure to settle claim: the existence of a judgment which exceeds the applicable policy limit. *See* filing 47 at 3. Because no such judgment exists, and because Continental has fully indemnified GOPAC to date, "GOPAC cannot show that it has suffered any damage as a result of any failure by Continental to settle any of the personal injury cases." Filing 47 at 5. Thus, Continental argues, unless and until such judgment arises, GOPAC's claim is not ripe for judicial review.[2]

The ripeness doctrine flows both from Article III's "cases" and "controversies" limitation and also from prudential considerations. *Pub. Water Supply Dist. No. 10 of Cass Cnty., Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 572 (8th Cir. 2003). The ripeness inquiry requires examination of both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *Id.* at 572-73. The ripeness doctrine

---

[2] Continental generally frames its defense as one of accrual. In other words, it cites cases from other states for the proposition that a bad faith failure to settle claim does not "accrue" until there is a judgment in excess of the applicable policy limits. *See* filing 47 at 5. And while accrual principles typically govern statute of limitation defenses (which are not at issue here), Continental argues that, on these facts, it is similarly relevant for purposes of justiciability—that is, ripeness. So, while "a claim may be ripe before it accrues for purposes of the statute of limitations, that is not the case here." *See* filing 54 at 3. Rather, the accrual of the cause of action and its ripeness "both depend on the existence of a judgment in excess of policy limits[.]" Filing 54 at 3-4.

- 3 -

prevents the Court, through avoidance of premature adjudication, from entangling itself in abstract disagreements. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967).

Nebraska courts have not yet addressed whether an insured can proceed on a bad faith failure to settle claim in the absence of a judgment exceeding the applicable policy limit. Authority from other jurisdictions, however, suggests that it cannot. *See*, *Kemp v. Hudgins*, 2013 WL 4857771, at *3-4 (D. Kan. 2013); *Travelers Cas. Co. v. Legree*, 2013 WL 3833045, at *5 (D. S.C. 2013); *Miles v. Lexington Ins. Co.*, 2013 WL 3991970, at *1 (S.D. Fla. 2013); *Swinerton Builders v. American Home Assurance Co.*, 2013 WL 1122022, at *1 (N.D. Cal. 2013); *Permanent General Assurance Corp. v. Moore*, 341 F. Supp. 2d 579, 581 (D. S.C. 2004); *Brown v. Guarantee Ins. Co.*, 319 P.2d 69, 75-76 (Cal. Dist. Ct. App. 1957); *see also* 21 Am. Jur. Trials 229 § 10 (2004) ("It is readily inferable . . . that the insured's cause of action against his insurer for bad faith failure to settle arises when the excess judgment is rendered or the insurer's bad faith occurs, whichever is the *later* event").

Upon review of the relevant caselaw, the Court concludes that GOPAC has failed—at least on the facts as alleged—to sufficiently establish the Court's jurisdiction over its bad faith counterclaim. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (the burden lies with the party asserting jurisdiction). In particular, the Court notes Continental's ongoing representation and indemnification of GOPAC in pending E-coli related litigation. This fact, coupled with the conclusory nature of GOPAC's alleged damages, renders the counterclaim "contingent [on] future events that may not occur as anticipated, or [that] may not occur at all." *Parrish v. Dayton*, 761 F.3d 873, 875-76 (8th Cir. 2014). Accordingly, GOPAC's bad faith counterclaim will be dismissed without prejudice.

(b) Damages

GOPAC alleges separate claims for bad faith, breach of contract and the covenant of good faith and fair dealing, and breach of fiduciary duty. *See* filing 34 at 17-19. For purposes of this Memorandum and Order, these claims derive from Continental's alleged agreement with GOPAC and Sentry to make all future indemnity payments in connection with E-coli related disputes.[3] Continental allegedly breached this agreement when it indemnified adverse parties without GOPAC's consent, and then sought reimbursement from GOPAC for those expenses. Filing 51 at 4-5.

---

[3] To be clear, Continental moves to dismiss GOPAC's claim for breach of contract, bad faith, and breach of fiduciary duty claims only to the extent that they derive from Continental's purported demand for reimbursement. Filing 46 at 1-2.

- 4 -

But GOPAC, in asserting these claims, has failed to sufficiently allege damages—a required element of each of the counterclaims at issue. *Farm Credit Servs. of Am., FLCA v. Haun,* 734 F.3d 800, 806 n.6 (8th Cir. 2013); *Fast Ball Sports, LLC v. Metro. Entm't & Convention Auth.*, 835 N.W.2d 782, 790 (Neb. Ct. App. 2013); *McFadden Ranch, Inc. v. McFadden,* 807 N.W.2d 785, 790 (Neb. Ct. App. 2011). To this end, GOPAC merely alleges that it has been "damaged" by Continental's actions, without any indication of the nature or extent of the damages sustained. Such conclusory allegations are insufficient to survive a motion to dismiss. *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see Swinerton Builders,* 2013 WL 1122022 at *1 n.1. The Court will grant GOPAC leave to replead these claims with greater particularity.

## CONCLUSION

For the reasons explained above, Continental's motion to dismiss will be granted. However, GOPAC is granted leave to replead its claims for bad faith, breach of contract and covenant of good faith and fair dealing, and breach of fiduciary duty with greater particularity. Further, GOPAC's claim for bad faith failure to settle will be dismissed without prejudice.

IT IS ORDERED:

1. Continental's motion to dismiss (filing 46) is granted.

2. GOPAC's counterclaims for bad faith, breach of contract and covenant of good faith and fair dealing, breach of fiduciary duty, and bad faith failure to settle are dismissed.

3. GOPAC's amended answer, if any, shall be filed on or before March 22, 2017.

Dated this 8th day of March, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge